# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| LEON SPRINGER, | : | |
| Plaintiff, | : | |
| | : | NO. 5:17-CV-000279-MTT-CHW |
| VS. | : | |
| SABRINA SEARS, *et al.*, | : | |
| Defendants. | : | |

## ORDER

*Pro se* Plaintiff Leon Springer, a prisoner most recently incarcerated at the Autry State Prison in Pelham, Georgia, filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983 for an incident occurring at the Houston County Jail on September 29, 2015. Compl. 5, ECF No. 1. On October 26, 2017, Plaintiff's motion to proceed *in forma pauperis* was granted and he was ordered to pay an initial partial filing fee in the amount of $27.30. Plaintiff was advised that if he could no longer pay the initial partial filing fee as ordered, he could alternatively file a renewed motion for leave to proceed *in forma pauperis* explaining any change in circumstances preventing his payment. Plaintiff was given twenty-one (21) days to comply, and he was warned that failure to fully and timely comply with the Court's orders could result in the dismissal of his Complaint. Order, Oct. 26, 2017, ECF No. 9.

The time for compliance with the October 26, 2017 Order passed without a response from Plaintiff. Accordingly, on December 21, 2017, Plaintiff was ordered to respond and

show cause why his lawsuit should not be dismissed for failure to comply. Plaintiff was again given twenty-one (21) days to respond, and he was also again warned that failure to respond would result in the dismissal of his Complaint. Order, Dec. 21, 2017, ECF No. 10.

The time for compliance has again passed without a response from Plaintiff. Because Plaintiff has failed to comply with the Court's instructions and orders and otherwise failed to diligently prosecute his claims, Plaintiff's Complaint shall be **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978)).[1]

---

[1] It appears the statute of limitations may have run or is about to run on Plaintiff's claims. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted). The Court ordered plaintiff to comply with its orders and instructions on at least two separate occasions and specifically warned Plaintiff each time that failure to comply would result in dismissal of this action. Thus, even though this dismissal is intended to be without prejudice, dismissal with prejudice would also be appropriate. *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (per curiam) (upholding *sua sponte* dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (per curiam) (same).

**SO ORDERED**, this 30th day of January, 2018.

                                S/ Marc T. Treadwell
                                MARC T. TREADWELL
                                UNITED STATES DISTRICT COURT